**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| AMERICAN GENERAL FINANCE, INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   Case No. CIV-08-648-F ) |
| GEORGE L. KENT and JUDITH A. KENT, | ) ) ) |
| Defendants, | ) ) |
| and | ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Intervenor. | ) |

**ORDER**

Before the court is the motion for partial summary judgment filed by intervenor, United States of America, on July 17, 2008 (doc. no. 11). Plaintiff has responded, and intervenor has replied. The motion is ready for determination.

Background

This action was commenced in the District Court of Noble County, State of Oklahoma. On June 16, 2006, plaintiff, American General Finance, Inc., filed a petition against defendants, George L. Kent and Judith A. Kent, seeking to collect on a line of credit obligation incurred by defendant, George L. Kent, originally in the amount of $118,000.00[1], and to foreclose a real estate mortgage executed by

---

[1] The line of credit documents were executed on October 27, 2003. At the time the petition was filed, the amount due and owing from defendant, George L. Kent, was $117,615.77, together with interest at the rate of 10.50% per annum from May 4, 2006. *See*, Ex. 2 to Notice.

defendants, George L. Kent and Judith A. Kent, securing payment of the line of credit.[2]  *See*, Ex. 2 to Notice of Removal (doc. no. 1) (hereinafter "Notice"). Subsequent to the filing of the action, defendants filed a motion to dismiss.  *See*, Ex. 6 to Notice.  In the motion, defendants argued that the property subject to the mortgage was held in trust by the United States of America for defendant, George L. Kent, an Indian male, and that dismissal was required because the United States of America was an indispensable party to the action.  Defendants also argued that the court lacked subject matter jurisdiction because the land in question was Indian land and plaintiff had failed to obtain approval of the mortgage by the Secretary of the Interior (herein: Secretary) approval of the mortgage.  Plaintiff thereafter filed a motion for summary judgment on its claims.  *See*, Ex. 8 to Notice.  On January 10, 2007, the state District Court held a hearing on the parties' motions.  The court granted plaintiff's motion to the extent plaintiff sought summary judgment on the debt.  The court took under advisement plaintiff's claim for foreclosure and the defendants' motion to dismiss.  *See*, Ex. 1 to Notice.  The court later denied the parties' motions in relation to the foreclosure claim, finding material facts in controversy concerning the validity of the real estate lien.  *See*, Ex. 14 to Notice.  On April 5, 2007, the court entered a partial journal entry of judgment granting an *in personam judgment* in favor of plaintiff against defendants in the sum of $117,615.77, together with interest at the rate of 10.50% per annum from May 4, 2006, until paid in full, attorney's fees in the sum of $4,964.75 and court costs of $1,316.50.  *See*, Ex. 15 to Notice.  The court thereafter set the case for hearing on December 7, 2007.  *See*, Ex. 18 to Notice.  At the hearing, the court called for additional briefing from the parties.  *See*, Ex. 1 to Notice.  Thereafter, the court set a non-jury trial for July 22,

---

[2] The mortgage was recorded in the office of the county clerk of Noble County on October 29, 2003.

2008. *See*, Ex. 23 to Notice. On June 19, 2008, the United States of America filed a motion to intervene in the action. *See*, Ex. 28 to Notice. Shortly thereafter, on June 25, 2008, the United States of America filed a Notice of Removal, removing the action to this court. *See*, Notice. This court granted the United States of America's motion to intervene on July 16, 2008 (doc. no. 10). In its order, the court directed the United States of America to file its answer or dispositive motion within 10 days. The United States of America timely filed the instant motion.

Standard of Review

Under Rule 56(c), Fed. R. Civ. P., summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." The moving party has the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

Discussion

    A. Validity of Mortgage

In its motion, the United States of America challenges the validity of plaintiff's mortgage. The government contends that it holds the subject property in trust for the

benefit of defendant, George L. Kent, who is an heir or descendent of the original Otoe-Missouria Tribe allottee, Hettie Green, and that the Secretary did not give approval to the mortgage encumbering the trust land as required by 25 U.S.C. § 483a and 25 C.F.R. § 152.34.[3] Because no approval was obtained, the government asserts that plaintiff's mortgage interest is invalid.

Plaintiff concedes that it did not obtain Secretary's approval of the mortgage. *See*, plaintiff's response, p. 3. However, plaintiff argues that the subject property was not held in trust at the time the mortgage was executed. Plaintiff asserts that according to the trust patent, the property was placed in trust for "the period of twenty-five years," and that the 25-year term expired in 1999, prior to the execution of the mortgage. *See*, Ex. 2 to intervenor's motion and Ex. A to plaintiff's response.

The United States, in reply, argues that in 1990, Congress enacted 25 U.S.C. § 478-1, which extended the existing periods of trust upon any Indian lands indefinitely. Because § 478-1 extended the trust period for the subject property indefinitely, the government contends that the subject property was held in trust at the time the

---

[3] Section 483a of Title 25 of the United States Code provides in pertinent part:

> The individual Indian owners of any land which either is held by the United States in trust for them or is subject to a restriction against alienation imposed by the United States are authorized, *subject to approval by the Secretary of the Interior*, to execute a mortgage or deed of trust to such land.

25 U.S.C. § 483a (emphasis added).

Section 152.34 of the Code of Federal Regulations provides in pertinent part:

> Any individual Indian owner of trust or restricted lands, *may with the approval of the Secretary* execute a mortgage or deed of trust to his land.

25 C.F.R. § 152.34 (emphasis added).

-4-

mortgage was executed and that the mortgage, obtained without approval by the Secretary, is consequently invalid.

Upon review, the court concludes that the land subject to the mortgage was held in trust at the time of the mortgage's execution. Although the trust patent issued in 1974 provided for a fixed period of 25 years for the trust, 25 U.S.C. § 478-1, enacted in 1990, expressly made the indefinite trust period created by the Indian Reorganization Act of 1934 for lands allotted under the Dawes Act applicable to "all lands held in trust by the United States for Indians." *See*, 25 U.S.C. §§ 478-1, 462;[4] *see also*, Mark D. Poindexter, Of Dinosaurs and Indefinite Land Trusts: A Review of Individual American Indian Property Rights Amidst the Legacy of Allotment, 14 B.C. THIRD WORLD L.J. 53, 77 (1994). Therefore, regardless of the terms of the trust patent, section 478-1 continued the trust status indefinitely. Because the land was held in trust at the time the mortgage was executed, the mortgage required the Secretary's approval in order to be enforceable. The mortgage did not have the necessary approval and was, consequently, invalid.

---

[4] Section 478-1 of Title 25 of the United States Code provides in pertinent part:

> Notwithstanding section 478 of this title, sections 462 and 477 of this title shall apply to –
>
> \*   \*   \*   \*
>
> (2) all lands held in trust by the United States for Indians . . . .

25 U.S.C. § 478-1.

Section 462 of Title 25 of the United States Code provides in pertinent part:

> The existing periods of trust placed upon any Indian lands and any restriction on alienation thereof are hereby extended and continued until otherwise directed by Congress.

25 U.S.C. § 462.

B.  Equitable Subrogation

Plaintiff asserts that in 1974, defendants executed a real estate mortgage in favor of Farmers Home Administration ("FHA"), securing a loan in the amount of $20,950.00.  Unlike the mortgage held by plaintiff, the mortgage executed in favor FHA was approved by the Secretary.  *See*, Ex. B to plaintiff's response.  Plaintiff additionally asserts that the amount due on the FHA loan was paid from the proceeds of various loans obtained by defendants.  Under the doctrine of equitable subrogation, plaintiff contends that it is entitled to the benefits and priority of the FHA mortgage and other liens that were paid.  Therefore, plaintiff contends that it is entitled to proceed with foreclosure of the mortgage.

The government, in reply, contends that the doctrine of equitable subrogation does not apply.  It argues that the cases cited by plaintiff are not analogous to the case at bar.  Further, it argues that plaintiff's attempt to "end run" the extension by Congress of trust status over the property via the doctrine of equitable subrogation should be denied.

The court need not resolve the issue of whether equitable subrogation would apply under the particular circumstances of this case.  The court, upon review, concludes that plaintiff has failed to present sufficient evidence to establish the application of equitable subrogation in this case.  Although plaintiff has presented evidence that the FHA mortgage was authorized by the Security of the Interior, plaintiff has not presented any evidence that the subject mortgage discharged the FHA mortgage.  Plaintiff states in its response that the "amount due on the FHA loan was paid from the proceeds of various loans obtained by the Kents."  *See*, plaintiff's response, p. 6.  However, plaintiff does not present any evidence that the line of credit executed by defendant, George L. Kent, was one of the "various loans."  The line of credit does not refer to the FHA indebtedness or any other indebtedness and the record

before the court does not include American General's mortgage or disclose its specific terms.[5]  Plaintiff has likewise not shown it was the intention of the parties that these "various loans" were to have "security of equal dignity and position with that discharged." Southwest Title & Trust Co. v. Norman Lumber Co., 441 P.2d 430, 434 (Okla. 1968) (quotation omitted).

To defeat a motion for summary judgment, evidence must be based on more than mere speculation, conjecture or surmise. Rice v. United States, 166 F.3d 1088, 1091-92 (10th Cir. 1999).  Plaintiff's allegation that it is entitled to be subrogated to priorities and benefits of the FHA mortgage is not supported by sworn pleadings, affidavit, or other evidentiary material. Phillips v. Calhoun, 956 F.2d 949, 951 n. 3 (10th Cir. 1992) ("Unsubstantiated allegations carry no probative weight in summary judgment proceedings.")  As the record before the court does not disclose evidence sufficient to raise a genuine issue of material fact as to the application of the doctrine of equitable subrogation, the court concludes that the United States is entitled to summary judgment on plaintiff's claim for foreclosure.  Although the defendants, George L. Kent and Judith A. Kent, have not joined in the summary judgment motion, the court finds that they are also entitled to summary judgment as to plaintiff's claim for foreclosure.  There is no question that the position of the United States in this lawsuit is the same as that of defendants.

Conclusion

Based upon the foregoing, the court determines that intervenor, United States of America and defendants, George L. Kent and Judith A. Kent, are entitled to

---

[5] The court notes that defendants, in response to plaintiff's previous motion for summary judgment, *see,* Ex. 11, and in a brief to the court in support of their position regarding the validity of the lien, *see*, Ex. 20, submitted evidence stating that the FHA mortgage expired or was released on December 20, 2001. According to the petition, the subject mortgage was executed at the same time as the line of credit (October 27, 2003) and was recorded on October 29, 2003.

summary judgment as to plaintiff's claim for foreclosure of the real estate mortgage executed by defendants.

Accordingly, the United States' Motion for Partial Summary Judgment, filed July 17, 2008 (doc. no. 11), is **GRANTED**.  As it appears that no further claims remain to be resolved, the court  **DIRECTS** the United States to prepare and submit to the court a form of judgment, agreed to as to form by all parties to this action, within 10 days from the date of this order.

Dated this 26th day of September, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

08-0648p007(pub).wpd